**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOSEPH VANY,

      Petitioner,                        Civil No. 2:11-CV-14093
                                          HONORABLE NANCY G. EDMUNDS
v.                                  UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

      Respondent,

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO
APPEAL IN FOMA PAUPERIS**

      Joseph Vany, ("petitioner"), confined at the Parnall Correctional Facility in Jackson,

Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In

his *pro se* application, petitioner challenges his conviction for seven counts of uttering and

publishing, M.C.L.A. 750.249; and being a fourth felony habitual offender, M.C.L.A. 769.12.

For the reasons stated below, petitioner's application for writ of habeas corpus is **DENIED.**


**I.  Background**

      Petitioner originally pleaded guilty to the above charges on October 2, 2008 in the

Oakland County Circuit Court, under a sentence agreement made with the trial court judge

pursuant to *People v. Cobbs*, 443 Mich. 276; 505 N.W. 2d 208 (1993).  In exchange for the

plea, the judge agreed to sentence petitioner within the guidelines range as determined by

the Michigan Sentencing Guidelines.   Petitioner's defense counsel had tentatively

calculated petitioner's guidelines range for his minimum sentence as being ten to forty six

months or twelve to forty eight months. (Tr. 10/2/2008, pp. 2-3). After being advised of his constitutional rights, petitioner pleaded guilty to the charges. (*Id.,* pp. 4-11).

At the time of sentencing, the judge indicated that she could not follow the sentencing agreement and sentence petitioner within the sentencing guidelines range, because the sentencing guidelines did not accurately reflect the facts and circumstances of the case. Petitioner was permitted to withdraw his plea and go to trial. (Tr. 10/23/2008, pp. 3-4).

On February 2, 2009, petitioner again appeared before the court. Petitioner's counsel indicated that he had reached an agreement with the Oakland County Prosecutor's Office, in which petitioner would plead *nolo contendere* to the uttering and publishing charges and being a fourth felony habitual offender, in exchange for a sentence of six to twenty years in prison. The parties agreed that the sentences would run concurrently with one another. Although the judge indicated that this sentence was lower than she was inclined to impose, she agreed to follow the plea and sentence agreement. (Tr. 2/2/2009, pp. 3-4, 11-12). After being advised of his constitutional rights, petitioner pleaded *nolo contendere* to the charges. (*Id.,* pp. 5-10).

After accepting the plea, the judge agreed to proceed with sentencing, because a pre-sentence investigation report had previously been prepared at the time of petitioner's first guilty plea. (*Id.,* at p. 10). Petitioner was sentenced to six to twenty years in prison and ordered to pay $ 225,000.00 in restitution. At the time of sentencing, the trial judge acknowledged that petitioner's minimum sentence of six years was an upward departure from the sentencing guidelines range but indicated that a departure was justified because Offense Variable 16 of the Michigan Sentencing Guidelines as scored gave inadequate

2

weight to the victims' financial loss.  The judge also felt that an upward departure was justified based on the victims' statements, the circumstances of the case, and petitioner's past criminal record. (*Id.,* pp. 13-15).

Petitioner's conviction and sentence was affirmed on appeal. *People v. Vany,* No. 296689 (Mich.Ct.App. April 7, 2010); *lv. den.* 488 Mich. 855 (2010).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Challenge to PSI report…(Inaccuracies).

II. Restitution amount.

III. Scoring of OV-16.

IV. Ineffective counsel.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set

3

of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

4

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)).  Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

## III.  Discussion

### A.  Claim # 1.  The pre-sentence investigation report claim.

Petitioner first claims that the pre-sentence investigation report (PSI) that was prepared in his case contained inaccurate information.  Although petitioner does not specify in his petition the inaccurate information that he claims was contained within the PSI, in the Delayed Application for Leave to Appeal that he filed with the Michigan Court

5

of Appeals, [1] petitioner alleged that the PSI incorrectly indicated that petitioner would be homeless when he was released from prison, that petitioner accepted minimal responsibility for his criminal conduct, that he was a poor candidate for community supervision, and that petitioner had little known family support in the community.

There is no federal constitutional right to a pre-sentence investigation and report. *See Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Allen,* 156 F. Supp. 2d at 797. Moreover, because the federal constitution does not require a state court to prepare or consider a pre-sentence report, petitioner had no federal constitutional right to review any such report prior to sentencing. *Bridinger,* 429 F. Supp. 2d at 909.

To the extent that petitioner claims that the trial court failed to correct the inaccuracies in his pre-sentence report, in violation of M.C.R. 6.429, this would be noncognizable in federal habeas review, because it involves an issue of state law. *See e.g. Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds,* 123 Fed. Appx 207 (6th Cir. 2005).

More importantly, even where there is an alleged factual inaccuracy in a pre-sentence report, a court need not resolve the dispute when the information is not relied on in arriving at the sentence that was imposed. *See Warren v. Miller,* 78 F. Supp. 2d 120, 131 (E.D.N.Y. 2000). Although a criminal defendant possesses a constitutional right not

---

[1] *See* This Court's Dkt. # 7-7.

to be sentenced on the basis of "misinformation of constitutional magnitude," *See Roberts v. United States*, 445 U.S. 552, 556 (1980), in order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *See Siebert v. Jackson*, 205 F. Supp. 2d 727, 731 (E.D. Mich. 2002).

In the present case, there is no evidence that the trial court relied on the allegedly incorrect information contained within the pre-sentence report in sentencing petitioner, particularly where the parties had agreed that petitioner would receive a sentence of six to twenty years in prison.  A habeas petitioner is not entitled to relief on his claim that a pre-sentence investigation report contained inaccurate information where there is no indication that the sentencing judge relied on this information in sentencing the petitioner. *See Draughn v. Jabe,* 803 F. Supp. 70, 80 (E.D. Mich. 1992).  Accordingly, petitioner is not entitled to habeas relief on his first claim.

### B.  Claim # 2.  The restitution claim.

Petitioner next claims that the trial judge erred in assessing restitution in the amount of $ 225,000.00 as part of petitioner's sentence without any evidentiary support for such a finding.

Petitioner does not state a claim upon which federal habeas relief can be granted. Where a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he or she may not bring a petition for writ of habeas corpus. *See United States v. Watroba*, 56 F. 3d 28, 29 (6th Cir. 1995).  Continuing liability under a restitution order is like a fine-only conviction and is not a serious restraint on liberty as to warrant habeas relief. *Barnickel v. United States*, 113 F. 3d 704, 706 (7th Cir.

1997)(quoting *Tinder v. Paula*, 725 F. 2d 801, 805 (1ˢᵗ Cir. 1984)); *See also Flores v. Hickman,* 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008)(imposition of restitution order as part of California state sentence could not be challenged under habeas statute because restitution did not affect duration of habeas petitioner's state custody). Because the appropriate relief would be an amendment of the court's order of restitution and not release from custody, the grant of a writ of habeas corpus or other postconviction relief would be inappropriate. *See United States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998).

Petitioner's current restitution order is not a sufficient enough restraint on his liberty so as to warrant habeas relief. Moreover, petitioner still has available state remedies if he is unable to pay this restitution. Under M.C.L.A. 780.766 (12), petitioner may at any time petition the sentencing judge or his or her successor to modify the method of payment and the sentencing judge may modify the method of payment if the court determines that payment under the order would impose a manifest hardship to the defendant or his family. In addition, M.C.L.A. 780.766(14) indicates that a defendant shall not be incarcerated for a violation of probation or parole for failure to pay the ordered restitution unless either the court or the parole board determines that the defendant has the resources to pay the ordered restitution and has not made a good faith effort to do so. If petitioner's parole was either extended or revoked due to his failure to pay restitution, he would then be "in custody" and this Court would have the jurisdiction to hear his claim. However, until such time, the threat that petitioner's liberty will be severely restrained is "too speculative to warrant the exercise of federal habeas jurisdiction." *Tinder*, 725 F. 2d at 806. Petitioner is not entitled to habeas relief on his second claim.

8

**C.  Claim # 3.  The sentencing guidelines claim.**

Petitioner next contends that Offense Variable 16 of the Michigan Sentencing Guidelines was incorrectly scored.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law are usually not questioned by a federal habeas court. *See e.g. Stephenson v. Renico,* 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007); *Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Haskell v. Berghuis,* 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010)*;Coy v. Renico,* 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006).  "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.* Petitioner is not entitled to habeas relief on his third claim.

9

**D. Claim # 4.  The ineffective assistance of counsel claim.**

Petitioner lastly contends that he was deprived of the effective assistance of counsel at sentencing.

In *Strickland v. Washington,* 466 U.S. at 668 (1984),the Supreme Court established a two-pronged test for determination whether a criminal defendant has received ineffective assistance of counsel.  First, the convicted person must prove that counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  Second, the convict must show that counsel's deficient performance prejudiced him.  Prejudice is established by a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context with regards to reviewing federal convictions on direct appeal. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988).  However, the AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *Miller v. Straub,* 299 F. 3d 570, 578-579 (6th Cir. 2002).  The Ninth Circuit has noted, "[W]hen the Supreme Court established the test for ineffective assistance of counsel claims in *Strickland*, the [Supreme] Court expressly declined to 'consider the role of counsel in an ordinary sentencing, which ... may require a different approach to the definition of constitutionally effective assistance.'" *Cooper-Smith v. Palmateer*, 397 F. 3d 1236, 1244 & n. 39 (9th Cir. 2005)(quoting *Strickland,* 466 U.S. at 686).  Because the Supreme Court

10

has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context, there is no clearly established federal law regarding ineffective assistance of counsel claims in noncapital sentencing cases, so as to provide petitioner with a basis for habeas relief on his claim. *Id., See also Davis v. Grigas,* 443 F. 3d 1155, 1158 (9th Cir. 2006).

Assuming that *Strickland* applies to noncapital sentencings, petitioner is unable to establish that trial counsel was either deficient at sentencing or that any alleged deficiencies prejudiced petitioner.

Petitioner initially claims that trial counsel was ineffective for failing to object to the alleged inaccuracies in the pre-sentence investigation report.  In this case, there is no indication that the trial court relied on any inaccurate information in the pre-sentence investigation report when imposing sentence.  Petitioner is therefore unable to show that he was prejudiced by counsel's failure to object to the inclusion of this information in the pre-sentence report. *See Spearman v. Birkett,* 10 Fed.Appx. 287, 289 (6th Cir. 2001)*; Draughn,* 803 F. Supp. at 79.

Petitioner next contends that trial counsel was ineffective for failing to object to the scoring of Offense Variable 16 of the Michigan Sentencing Guidelines.  In light of the fact that the trial court sentenced petitioner to the sentence that he agreed upon as part of the plea and sentence bargain, petitioner is unable to establish that counsel was ineffective for failing to object to the scoring of the sentencing guidelines. *See Whitaker v. U.S.,* 186 Fed. Appx. 571, 573-74 (6th Cir. 2006).

Petitioner finally contends that trial counsel was ineffective for failing to challenge the restitution amount in this case.  As mentioned when discussing petitioner's second

11

claim, *supra,* petitioner's challenge to the restitution amount imposed by the state court is non-cognizable on habeas review.  Petitioner's challenge to his trial counsel's handling of the restitution order is likewise non-cognizable on habeas review because even if petitioner's challenge was successful, it would only result in a reduction in his restitution payments, but not in his prison sentence. *See Washington v. Smith,* 564 F.3d 1350, 1351 (7th Cir. 2009).  Petitioner is not entitled to relief on his fourth claim.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal

*in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas

corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma*

*pauperis.*


          s/Nancy G. Edmunds                   
          Nancy G. Edmunds
          United States District Judge

Dated:  June 8, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record
on June 8, 2012, by electronic and/or ordinary mail.

          s/Carol A. Hemeyer                  
          Case Manager